**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1997
_____

KEITH P. SEQUEIRA,
                                        Petitioner

v.

SECURITIES & EXCHANGE COMMISSION
_____

On Petition for Review of an Order of the
Securities and Exchange Commission
(Agency No. SEC-1:3-l7734r)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 11, 2020
Before: AMBRO, GREENAWAY, JR. and PORTER, Circuit Judges

(Opinion filed June 11, 2020)
_____

OPINION*
_____

PER CURIAM

Keith P. Sequeira, proceeding pro se, petitions for a review of an order issued by

the Securities and Exchange Commission (SEC or Commission) upholding the Financial

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Industry Regulatory Authority's (FINRA) decision to indefinitely suspend him from associating with any member firm. FINRA imposed the suspension because Sequeira failed to pay an award to Wells Fargo Advisors that was entered by a FINRA arbitration panel. For the following reasons, we will affirm.

Sequeira worked for Wells Fargo as a registered broker. In February 2010, Wells Fargo loaned Sequeira over $47,000 pursuant to a "Client Service and Loyalty Award-Level One Agreement" and a promissory note. Under the terms of those documents, Sequeira was obligated to repay the loan if he was terminated. Both the Level One Agreement and the promissory note contained arbitration clauses stating that "any action instituted as a result of any controversy arising out of [the Level One Agreement or the note], or … [the] interpretation thereof shall be brought before the arbitration facility of [FINRA] to the exclusion of all others." Wells Fargo terminated Sequeira's employment in August 2010. Sequeira failed to repay the loan, and Wells Fargo commenced a FINRA arbitration action against him. A FINRA arbitration panel awarded Wells Fargo compensatory damages, plus interest, as well as attorneys' fees. In the August 5, 2014, letter notifying Sequeira of the decision, FINRA explained that it could suspend his registration if he failed to comply with the award.

Sequeira did not pay the award. Instead, he filed in action in the Superior Court of New Jersey seeking to vacate the arbitration award. But because he failed to properly serve the summons and complaint on the defendants, the state court dismissed the action

2

without prejudice for lack of prosecution on March 27, 2015. Thereafter, Sequeira unsuccessfully sought to have the case reinstated.[1]

Meanwhile, on July 27, 2016, Wells Fargo notified FINRA that Sequeira had not complied with the award. Shortly thereafter, FINRA's Office of Dispute Resolution told Sequeira that, effective August 19, 2016, FINRA would suspend Sequeira from associating with any FINRA member firm unless he demonstrated that he had (1) paid the award; (2) entered into a settlement agreement concerning the award; (3) timely filed an action to vacate or modify the award and that such motion had not been denied; or (4) filed for bankruptcy and that the award had not been deemed non-dischargeable. In response, Sequeira argued that he satisfied condition (3) because his action in the Superior Court had been denied without prejudice, rather than on the merits. A FINRA hearing officer issued an expedited written decision, rejecting Sequeira's argument and ordering that Sequeira be suspended from associating with any member firms until he paid the award in full, settled the matter, or filed a bankruptcy petition. Sequeira sought

---

[1] In particular, Sequeira moved for an extension of time to file and serve an amended complaint, but the Superior Court denied his request. Later, the Superior Court denied Sequeira's motion to reconsider the denial of the motion for an extension of time, noting that the case "remains closed." Undeterred, Sequeira attempted to reinstate the action by serving his original complaint on Wells Fargo. On September 30, 2016, the Superior Court concluded that Sequeira failed to provide either good cause or exceptional circumstances for his failure to prosecute the action, and again stated that the case "remains closed." The Superior Court's orders were affirmed. See Sequeira v. Wells Fargo Advisors, LLC, Docket No. A-1995-16T1, 2018 WL 3018882 (N.J. Super. Ct., App. Div., June 18, 2018).

review of that decision by the Commission.  <u>See</u> Securities Exchange Act Section 19(d) [15 U.S.C. § 78s(d)].

The Commission concluded that the specific grounds on which FINRA based Sequeira's suspension existed in fact, that the suspension was in accordance with FINRA's rules, and that FINRA had applied its rules in a manner consistent with the Securities Exchange Act.[2]  <u>See</u> Securities Exchange Act Section 19(f) [15 U.S.C. 78s(f)]. Accordingly, the Commission dismissed Sequeira's application for review.  <u>See</u> <u>In re Application of Keith Patrick Sequeira for Review of Action Taken by FINRA</u>, Exchange Act Release No. 85231, 2019 WL 995508, at *9-10 (SEC Mar. 1, 2019).  Sequeira petitions for review of the Commission's order.

We have jurisdiction to review a final order of the Commission under Section 25(a) of the Securities Exchange Act, 15 U.S.C. § 78y(a)(1).  We review the Commission's decision to uphold sanctions for abuse of discretion and overturn the sanction only if "unwarranted in law or … without justification in fact …."  <u>Butz v. Glover Livestock Comm'n Co., Inc.</u>, 411 U.S. 182, 185-86 (1973) (citation and internal quotation marks omitted).  An abuse of discretion occurs where (1) a sanction is "palpably disproportionate to the violation," or (2) the Commission "fail[s] to support the

---

[2] In an earlier decision, the Commission had remanded the matter to a hearing officer for clarification whether the sanction imposed was disciplinary or non-disciplinary.  The type of sanction imposed affects the standard of review applied by the Commission. Thereafter, a FINRA hearing officer issued a second expedited decision clarifying that the suspension was not intended to be disciplinary in nature, but instead was aimed at

4

sanction chosen with a meaningful statement of findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record." McCarthy v. SEC, 406 F.3d 188 188 (2d Cir. 2005) (citation omitted) (internal quotation marks omitted).

As noted above, a party who does not comply with an award issued by FINRA may avoid suspension by demonstrating, inter alia, that he has filed a timely motion to vacate or modify the award and the motion has not been denied. See FINRA Regulatory Notice 10-31, 2010 WL 2712571, at *2 (effective July 2, 2010). Sequeira contends that this defense should have shielded him from suspension because, although the New Jersey Superior Court dismissed his action to vacate the award, it did so without prejudice, rather than "on the merits." Appellant's Br., 35. The Commission properly rejected this argument. As the Commission explained, FINRA rules "do not require that a motion to vacate an arbitration award be denied on the merits. Nor do they distinguish requests to vacate arbitration awards that are denied 'with prejudice' from those that are denied 'without prejudice.'" See Sequeira, 2019 WL 995508, at *5; see also FINRA Manual, By-Laws of the Corporation, Art. VI, Sec. 3(b) (stating that FINRA may suspend any person who fails to comply with an arbitration award "where a timely motion to vacate or modify [an] award … has been denied"). Moreover, the possibility, however remote, that

_____

"influenc[ing] Sequeira to comply with the arbitration award."

5

Sequeira's dismissed state court action might be reinstated does not change the fact that his attempt to vacate the award had been denied.

Sequeira's remaining claims also lack merit. First, Sequeira argues that FINRA lacked jurisdiction to compel him to arbitrate his dispute with Wells Fargo because the arbitration clauses did not notify him that he was waiving his right to sue. The Commission correctly rejected this argument because an arbitration award cannot be collaterally attacked by a respondent in a FINRA expedited proceeding. The Commission had jurisdiction to review only FINRA's decision to suspend Sequeira based on his failure to pay the award. Any challenge to the award itself, including a claim that the arbitration panel lacked jurisdiction, should have been brought "in a court of competent jurisdiction." See FINRA Rule 13904(j); Robert Tretiak, Exchange Act Release No. 47534, 56 S.E.C. 209, 2003 WL 1339182, at *5 (SEC Mar. 19, 2003) ("As we have stated on numerous occasions, an applicant may not collaterally attack an arbitration award … in a disciplinary proceeding for failure to pay that award.").

Second, he asserts that FINRA's initial decision contained libelous statements. The Commission properly concluded that the libel allegations were "outside the scope of this proceeding." Sequeira, 2019 WL 995508, at *8. The allegedly libelous statements were made in FINRA's initial decision, rather than in its decision following the Commission's remand. See note 2, *supra*. Thus, those statements were not part of the FINRA decision that the Commission reviewed. In addition, the statements had no

6

bearing on whether FINRA's suspension met the applicable standards under Securities Exchange Act Section 19(f).

Finally, Sequeira argues that there is no basis for his suspension because Wells Fargo wrote off the value of the arbitration award in its 2018 tax filings. Sequeira did not assert that claim during the agency proceedings. Therefore, he is barred from raising it for the first time here. See Securities Exchange Act Section 25(c)(1) [15 U.S.C. § 78y(c)(1)] ("No objection to an order or rule of the Commission, for which review is sought under this section, may be considered by the court unless it was urged before the Commission or there was reasonable ground for failure to do so.").

For the foregoing reasons, we conclude that Sequeira's arguments lack merit and that the Commission did not abuse its discretion in dismissing Sequeira's application for review. Accordingly, we will deny Sequeira's petition for review of the Commission's decision. Sequeira's motion to supplement the record is denied.